UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| De Jarous Bell,<br><br>   Plaintiff,<br><br>v.<br><br>Healthcare Revenue Recovery Group, LLC,<br>Experian Information Solutions, Inc.,<br><br>   Defendants. | Case No.: 3:21-3824-MGL |

## EXPERIAN INFORMATION SOLUTIONS, INC.'S
## ANSWERS TO LOCAL RULE 26.03 INTERROGATORIES

Pursuant to Local Civ. Rule 26.03 (D.S.C.) and the Court's Scheduling Order ("the Order") issued March 4, 2021 (ECF No. 7), Defendant Experian Information Solutions, Inc. ("Experian"), by and through its undersigned counsel, submit the following:

**(1) A short statement of the facts of the case.**

**RESPONSE:** Plaintiff seeks actual and statutory damages, punitive damages, attorney's fees, and costs for Defendants' alleged violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (hereinafter "FCRA"). Specifically, Plaintiff alleges Experian, Equifax, and Trans Union failed to correct false information regarding the American Credit Acceptance, ("ACA") and Healthcare Revenue Recovery Group, LLC, ("HRRG") accounts on his consumer report; failed to follow reasonable procedures to assure maximum possible accuracy in the preparation of reports published and maintained concerning Plaintiff; and failed to delete inaccurate information in Plaintiff's credit files after receiving notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures. Plaintiff alleges that ACA and HRRG failed to correct false information regarding accounts

1

reporting on Plaintiff's consumer reports and failed to fully and properly investigate Plaintiff's disputes. Plaintiff also alleges that HRRG used false, deceptive, or misleading representations or means in connection with the collection of the Debts, including by reporting false information to the credit reporting agencies concerning Plaintiff, and by failing to correct the false information once disputed.

Experian is a consumer reporting agency as defined by 15 U.S.C. § 1681a(f). Experian essentially functions as a storehouse of credit information concerning hundreds of millions of consumers nationwide, collecting and storing credit information originated by others. Experian does not generate credit information itself, nor does it make loans, decide who should receive credit, or set loan terms. Instead, Experian issues consumer credit reports as defined by 15 U.S.C. § 1681a(d). Plaintiff alleges Experian negligently and willfully violated the FCRA. Experian denies that it failed to comply with the requirements of the FCRA, denies that it is liable to Plaintiff, and denies that Plaintiff suffered damage as a result of any alleged wrongful actions or inactions of Experian. Experian bases this statement on the facts and information currently available to it, and reserves the right to supplement this summary if necessary as this case and the facts develop. Experian readopts and realleges its affirmative defenses from the Answer and Affirmative Defenses filed in response to Plaintiff's Complaint as if fully set forth herein.

**(2) The names of fact witnesses likely to be called by the party and a brief summary of their expected testimony:**

**RESPONSE:** Experian has not yet determined who it is likely to call as witnesses in this case, but will identify those witnesses as soon as the information becomes available or known to Experian. Experian anticipates that the following people may testify:

    A.    Plaintiff De Jarous Bell
           c/o Aaron Kozloski, Esquire

Plaintiff has knowledge of the allegations and claimed damages set forth in the Complaint.

B.  Anna Simmons,
    Senior Legal and Compliance Specialist
    MyExperian, Inc.

    c/o Lyndey R. Z. Bryant
    Adams and Reese LLP
    1501 Main Street, Fifth Floor
    Columbia, SC 29201

Ms. Simmons has knowledge of Plaintiff's contacts with Experian, Plaintiff's Experian consumer file, and Experian's consumer assistance and reinvestigation procedures.

C.  Unknown Representative(s) of American Credit Acceptance

The representative, an employee of American Credit Acceptance ("ACA") is believed to have knowledge and information relevant to the account at issue in this case, communications between Plaintiff and ACA regarding the account at issue, and Experian's reinvestigation of the account at issue in this case.

D.  Unknown Representative(s) of Healthcare Revenue Recovery Group, LLC, ("HRRG")

The representative, an employee of Healthcare Revenue Recovery Group, LLC, ("HRRG") is believed to have knowledge and information relevant to the account at issue in this case, communications between Plaintiff and HRRG regarding the account at issue, and Experian's reinvestigation of the account at issue in this case.

E.  Any credit grantor who Plaintiff alleges denied Plaintiff credit or otherwise injured Plaintiff purportedly due to information received from Experian. Such credit grantors are believed to have knowledge and information as to Plaintiff's credit applications, credit history, credit reports, and the reasons for denying credit.

F. Other persons or entities identified through discovery.

**(3)  The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered).**

**RESPONSE:** Experian has not yet identified an expert to testify in this matter. Experian expects to identify expert witness(es) to testify as to the reasonableness of Experian's

procedures in compiling and maintaining consumer credit information and/or in responding to consumer disputes. Experian reserves the right to supplement this response.

**(4) A summary of the claims or defenses with statutory and/or case citations supporting the same.**

**RESPONSE:** At this time, Experian is not asserting any claims against Plaintiff in this action.

Experian states that the claims asserted against it are governed by the provisions of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (the "FCRA") and those regulations and decisions outlining and interpreting Experian's rights and responsibilities under the terms of the FCRA. Experian followed reasonable procedures in the preparation of Plaintiff's credit reports, and conducted a reasonable reinvestigation of Plaintiff's dispute. Plaintiff cannot demonstrate that any alleged violation was willful. Plaintiff cannot show that she suffered an injury or sustained any damages caused by Experian. *See, e.g.*, *Dalton v. Capital Assoc. Indus., Inc.*, 257 F.3d 409 (4th Cir. 2001); *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016); *Crabill v. Trans Union, L.L.C.*, 259 F.3d 662 (7th Cir. 2001); *Cahlin v. General Motors Acceptance Corp.*, 936 F.2d 1151, 1156 (11th Cir. 1991); *Grant v. TRW, Inc.,* 789 F. Supp. 690 (D. Md. 1992); *DeAndrade v. Trans Union LLC*, 523 F.3d 61 (1st Cir. 2008); *Carvalho v. Equifax Info. Servs.* 629 F.3d 876 (9th Cir. 2010); *Jones v. Pa. Higher Educ. Assistance Agency*, 2017 U.S. Dist. LEXIS 115215 (C.D. Calif. July 24, 2017); *Omar v. Experian Info. Solutions, Inc.*, 2012 U.S. Dist. LEXIS 99694 (S.D. Indiana, July 18, 2012).

Experian reserves the right to supplement this response as the issues in this case become more developed through discovery.

**(5)     Absent special instructions from the assigned judge, the Parties shall propose dates for the following deadlines listed in Local Civil Rule 16.02:**

**RESPONSE:**   See the Parties' Joint Rule 26(f) Report and Amended Scheduling Order.

**(6)     Any special circumstances which would affect the time frames applied in preparing the Scheduling Order.**

**RESPONSE:**   Experian is unaware of any special circumstances at this time.

**(7)     Any additional information requested in the Pre-Scheduling Order (Local Civil Rule 16.01) or otherwise requested by the assigned judge.**

**RESPONSE:**   Not applicable.

February 1, 2022                                Respectfully submitted,

*/s/Lyndey R. Z. Bryant*
Lyndey R. Z. Bryant (Fed. ID No. 11506)
ADAMS AND REESE LLP
1501 Main Street, Fifth Floor
Columbia, South Carolina 29201
Telephone: 803-254-4190
Facsimile:   803-779-4749
lyndey.bryant@arlaw.com

*Attorneys for Experian Information Solutions, Inc.*