IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| DE JAROUS BELL,<br><br>        Plaintiff,<br><br>vs.<br><br>AMERICAN CREDIT ACCEPTANCE, LLC; HEALTHCARE REVENUE RECOVERY GROUP, LLC; EQUIFAX INFORMATION SOLUTIONS, INC.; EXPERIAN INFORMATION SOLUTIONS, INC.; AND TRANSUNION, LLC<br><br>        Defendants. | Case No. 3:21-cv-03824-MGL |

**DEFENDANT HEALTHCARE REVENUE RECOVERY GROUP, LLC'S RESPONSES TO LOCAL RULE 26.03 INTERROGATORIES**

Defendant, Healthcare Revenue Recovery Group, LLC ("HRRG"), by and through undersigned counsel, pursuant to Federal Rule of Civil Procedure 26(f) and Rule 26.03 of the South Carolina Local Rules, files these separate responses to the Local Rule 26.03 Interrogatories, as set forth herein:

**(1)     A short statement of the facts of the case.**

**RESPONSE:** The Plaintiff in this action seeks actual and statutory damages, attorneys' fees, and costs for Defendants' alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA") and the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. ("FCRA"). Plaintiff asserts HRRG failed to fully and properly investigate Plaintiff's disputed Experian reporting, failed to communicate with Plaintiff regarding Plaintiff's dispute to Experian, failed to review all relevant information regarding same, failed to accurately respond to Experian, failed to correctly report results of an accurate investigation to the credit reporting agencies, and

1

failed to permanently and lawfully correct its own internal records to prevent re-reporting by HRRG to the consumer reporting agencies. HRRG denies any and all liability and wrongdoing alleged by Plaintiff. HRRG contends it accurately reported Plaintiff's account information, denies the facts as outlined by Plaintiff, and denies the legal viability of Plaintiff's causes of action against HRRG.

**(2)    The names of fact witnesses likely to be called by the party and a brief summary of their expected testimony:**

**RESPONSE:**   HRRG reserves the right to supplement or amend this list as other individuals or entities having relevant information become known through discovery. HRRG identifies the following individuals who may be called as fact witnesses:

A.  Plaintiff De Jarous Bell is believed to have knowledge of the information related to the claims, the debt, and the alleged damages.

B.  A designated 30(b)(6) witness of HRRG, not yet determined, will have information regarding its computer and data base, communications and correspondence between HRRG and Plaintiff, communications and correspondence between HRRG and Plaintiff's creditors, communications and correspondence between HRRG and Defendants, and HRRG's policies and procedures.

C.  Representative(s) of TransUnion, LLC may have knowledge regarding their respective databases, all communications and correspondence related to Plaintiff and Plaintiff's creditors, as well as their respective policies and procedures regarding consumer credit reporting and consumer disputes.

D.  Representative(s) of Equifax Information Services, LLC may have knowledge regarding their respective databases, all communications and correspondence

    related to Plaintiff and Plaintiff's creditors, as well as their respective policies and procedures regarding consumer credit reporting and consumer disputes.

E. Representative(s) of Experian Information Solutions, Inc may have knowledge regarding their respective databases, all communications and correspondence related to Plaintiff and Plaintiff's creditors, as well as their respective policies and procedures regarding consumer credit reporting and consumer disputes.

F. Representative(s) of American Credit Acceptance, LLC may have knowledge regarding their respective databases, all communications and correspondence related to Plaintiff and Plaintiff's creditors, as well as their respective policies and procedures regarding consumer credit reporting and consumer disputes.

G. Representative(s) of Memorial Regional Hospital may have knowledge regarding their respective databases, all communications and correspondence related to Plaintiff and Plaintiff's creditors, as well as their respective policies and procedures regarding consumer credit reporting and consumer disputes.

H. Representative(s) of Inphynet South Broward may have knowledge regarding their respective databases, all communications and correspondence related to Plaintiff and Plaintiff's creditors, as well as their respective policies and procedures regarding consumer credit reporting and consumer disputes.

  Identification of any person or entity does not constitute a representation that such person or entity has information that is non-privileged, nor does it constitute a waiver of any privilege or objection that may be made to any testimony of such person or entity. HRRG may identify additional witnesses, or additional subjects of information possessed by the individuals and entities listed above, through discovery and continued investigation. HRRG specifically reserves the right

to call as witnesses at trial individuals or entities that are not identified in this disclosure, and to question individuals and entities identified in this disclosure on subjects or information beyond those listed above.

**(3)     The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered).**

**RESPONSE:** At this time, HRRG has not identified an expert witness.  HRRG reserves the right to do so in compliance with the Court's Amended Scheduling Order and the Local Rules.

**(4)     A summary of the claims or defenses with statutory and/or case citations supporting the same.**

**RESPONSE:**  HRRG asserts the following defenses to Plaintiff's claims:

a. Plaintiff's Complaint fails to state a claim against HRRG upon which relief may be granted.

b. Plaintiff has not been damaged; therefore, Plaintiff may not recover against Defendant.

c. HRRG contends it did not engage in any conduct that was outrageous, intentional or malicious, or done with reckless disregard with respect to Plaintiff.

d. Plaintiff's claims fail to the extent that, at all relevant times with respect to Plaintiff, HRRG acted in good faith and complied fully with the FDCPA and FCRA.

e. To the extent Plaintiff has been damaged, which HRRG specifically denies, Plaintiff has failed to mitigate those damages and therefore should not be able to recover any unmitigated damages from HRRG.

f. Any violation of the law or damage suffered by Plaintiff, which HRRG denies, was due to the affirmative actions and/or omissions of Plaintiff or others, and does not give rise to any liability against HRRG.

g. Plaintiff's claims are or may be subject to an arbitration agreement requiring him to submit his claims to mandatory and binding arbitration. If so, HRRG will exercise its right to arbitration under the agreement, which is specifically enforceable pursuant to the Federal Arbitration Act, 9 U.S.C. Section 1, *et seq.*

h. HRRG asserts any and all applicable statutes of limitation.

i. "A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonable adapted to avoid any such error." 15 U.S.C. § 1692k(c).

HRRG reserves the right to assert any other defenses that may become available during discovery proceedings or otherwise in this case and hereby reserves the right to amend its response to assert any such defenses.

**(5) Absent special instructions from the assigned judge, the Parties shall propose dates for the following deadlines listed in Local Civil Rule 16.02:**

**(a) Exchange of Fed. R. Civ. P. 26(a)(2) expert disclosures; and**

**(b) Completion of discovery.**

**RESPONSE:** HRRG consents to the dates in the proposed Consent Amended Scheduling Order.

  A. Plaintiff shall file and serve his expert witness disclosures by June 10, 2022. Defendants shall file and serve their expert witness disclosures by July 8, 2022.

  B. Discovery shall be completed by September 27, 2022.

**(6)** **The Parties shall inform the Court whether there are any special circumstances which would affect the time frames applied in preparing the Scheduling Order.**

**RESPONSE:** HRRG is unaware of any special circumstances at this time.

**(7)** **The Parties shall provide any additional information requested in the Pre-Scheduling Order (Local Civil Rule 16.01) or otherwise requested by the assigned judge.**

**RESPONSE:** None.

This the 2nd day of February, 2022.

                Respectfully submitted,

                /s/ Chad V. Echols
                Chad V. Echols (Fed I.D. 9810)
                David A. Grassi, Jr. (Fed I.D. 12963)
                The Echols Firm, LLC
                P.O. Box 12645
                Rock Hill, SC 29731
                (803) 329-8970
                chad.echols@theecholsfirm.com
                *Attorney for Defendant*
                *Healthcare Revenue Recovery Group, LLC*

## CERTIFICATE OF SERVICE

The undersigned certifies that Healthcare Revenue Recovery Group, LLC's **Responses to Local Rule 26.03 Interrogatories** was served upon all ECF-registered counsel of record on the 2nd day of February, 2022 via the USDC SC Electronic Filing System.

/s/ Chad V. Echols
The Echols Firm, LLC

7